UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-3894 DMG (PVC)                                                  Date:  July 14, 2022

Title        Travis D. Arnold v. B. Lammer, Complex Warden, et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION**

On June 2, 2022, Travis D. Arnold ("Petitioner"), a federal prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2241. ("Petition," Dkt. No. 1 at 3).[1] The Petition complains that Respondents "threatened [him] with seeking criminal prosecution with the FBI should [he] 'snitch' on them!" (*Id*. at 2). Thereafter, allegedly in retaliation for Petitioner attempting to contact the FBI, correctional officers at USP Victorville, where Petitioner is currently incarcerated, allowed his cell mate to attack him, causing a permanent hand injury. (*Id*.). Petitioner asserts that his bone is "protruding from the back of my hand [and] is deforming." (*Id*.). He alleges that "Warden Lammer & BOP Region … will not pay for [his] surgery."

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV 22-3894 DMG (PVC) | Date: July 14, 2022 |
| Title | Travis D. Arnold v. B. Lammer, Complex Warden, et al. | |

(*Id.*). However, it appears that Petitioner's claims are subject to dismissal because they are not cognizable on habeas review.

## Discussion

"Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241." *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984); *see, e.g.*, *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (claim that prison failed to properly credit prisoner's time in state custody toward his federal sentence must be brought in a § 2241 petition); *Tablada v. Thomas*, 533 F.3d 800, 802 (9th Cir. 2008) (deciding § 2241 challenge to calculation of good time credits under good time credit statute, 18 U.S.C. § 3624(b)); *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011) ("[A] federal district court has habeas jurisdiction under 28 U.S.C. § 2241 to review *Casas* bond hearing determinations [for aliens facing prolonged detention while their petitions for review of their final removal orders are pending] for constitutional claims and legal error."). Alternatively, apart from a direct appeal, a motion under 28 U.S.C. § 2255 is typically the exclusive remedy for a federal prisoner who seeks to challenge the validity or legality of his conviction or sentence. *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012), *as amended* (May 31, 2012). The narrow exception to this general rule is codified in the "savings clause" or "escape hatch" of § 2255, which allows a federal prisoner to seek relief through a § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In this Circuit, the § 2255 remedy qualifies as inadequate or ineffective only "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008).[2] "Generally, motions to contest the legality of a sentence must be filed under

---

[2] Petitioner does not claim that he is actually innocent of his crime of conviction and there is no evidence before the Court to suggest that he has not had an "unobstructed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-3894 DMG (PVC)                                       Date:  July 14, 2022

Title        Travis D. Arnold v. B. Lammer, Complex Warden, et al.

§ 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

On September 30, 2021, the District Court dismissed Petitioner's prior § 2241 petition after finding a lack of jurisdiction.  *See Travis D. Arnold v. Felipe Martinez*, Case No. 20-8694 DMG (PVC) (C.D. Cal. filed Sept. 22, 2020) ("Prior Petition").  In that action, Petitioner alleged that he was "actually innocent" of the bank robbery for which he was convicted and that his sentence constituted an "illegal imprisonment."  (Prior Petition, Dkt. No. 6, citing Petition at 1).  In dismissing the Prior Petition, the Court determined that it was a disguised § 2255 motion, that Petitioner failed to demonstrate that he is actually innocent, and that the Prior Petition was both successive and time barred.  (*Id*. at 5–10).

In contrast, challenges to a prisoner's conditions of confinement must be brought through a civil rights action, rather than through a habeas corpus petition.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) (an "inmate's challenge to the circumstances of his confinement" must be brought through a civil rights action); *see also Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (a civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody").  "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance."  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Petitioner's allegations about the alleged failure of USP Victorville staff to protect him from an assault by another inmate and to provide him with the necessary surgery to

---

procedural shot" at presenting his claims.  Accordingly, the "escape hatch" in § 2255 for § 2241 petitions plainly does not apply here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-3894 DMG (PVC)                                     Date:  July 14, 2022

Title        Travis D. Arnold v. B. Lammer, Complex Warden, et al.

repair his damaged hand challenge the conditions of his confinement not the execution or validity of his sentence.  Accordingly, Petitioner's failure to protect and medical care claims must be raised, if at all, by way of a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than through a habeas petition under § 2241.  See *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017) (*Bivens* provides federal prisoners a damages remedy under the Eighth Amendment for the failure to provide adequate medical treatment) (citation omitted); *Hoffman v. Preston*, 26 F.4th 1059, 1063–64 (9th Cir. 2022) (*Bivens* remedy available for federal prisoner's claim that correctional officers violated his Eighth Amendment rights by labeling him a snitch to other prisoners); *Shook v. Apker*, 472 F. App'x 702, 702–03 (9th Cir. 2012) (regardless of the relief requested, federal prisoner's claims of inadequate medical care "concern the conditions of his confinement and are properly brought under *Bivens*"); *Alcala v. Rios*, 434 Fed. App'x 668, 669 (9th Cir. 2011) (affirming dismissal of § 2241 petition because "the petition challenges the conditions of confinement and therefore should have been brought as a civil rights action"); *Greenhill v. Lappin*, 376 Fed. App'x 757, 757 (9th Cir. 2010) (affirming dismissal of § 2241 petition because "[t]he appropriate remedy for Greenhill's claim, which relates to the conditions of his confinement, lies in a civil rights action under *Bivens*"); *Bolden v. Ponce*, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (recognizing that even though the remedy requested by federal prisoner—release from custody—"is within the ambit of a writ of habeas corpus," his claims challenging "the conditions of his confinement … are properly the subject of a civil rights complaint," no matter the relief sought ); *Allah v. Warden*, 2017 U.S. Dist. LEXIS 145293, at *4–5 (C.D. Cal. Aug. 31, 2017) (federal prisoner's claim alleging "the importance of his obtaining proper medical treatment and his inability to do so … relates only to medical treatments and accommodations—*i.e.*, conditions of confinement," and must be brought under *Bivens*, "even if Petitioner had requested release from custody or some other appropriate habeas relief").[3]

---

[3] The Petition also incredibly contends that Petitioner is starting a business "to pay inmates and other victims of U.S. Federal Ofcrs [sic] $1,500.00 for their 'waiver' &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-3894 DMG (PVC)                                    Date:  July 14, 2022

Title       Travis D. Arnold v. B. Lammer, Complex Warden, et al.

      In some circumstances, the Court may construe a flawed habeas petition as a civil rights complaint.  *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *see also Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) ("If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.").  Here, it would not be appropriate to do so.  First, prisoner civil rights actions are subject to different procedural requirements and significantly higher filing fees than federal habeas proceedings.  Petitioner does not appear to have fully exhausted his administrative remedies and did not pay the $350 filing fee applicable to prisoner civil rights actions or request to proceed without prepayment of the full filing fee.  Moreover, the Warden of the Victorville Federal Correctional Complex is a named Respondent, but the Petition does not contain any *plausible* allegations explaining what the Complex Warden did or did not do, or why the Complex Warden's actions or inactions violated Petitioner's constitutional rights.  Furthermore, it is possible that had this action be brought as a civil rights claim, the relief Petitioner seeks may have been different.  Accordingly, it appears that Petitioner's claims are subject to dismissal without prejudice because they are not cognizable on habeas review.

---

'consent' … to press charges with the FBI & file civil actions on their behalf." (Pet. at 1).  He also claims to have been in touch with various consulates to secure "diplomatic immunity as a weapons system scientific designer & business owner to compete … so that my tech will no longer be 'enslaved' to the U.S. 'Arms Controlled Act.'" (*Id.* at 2).  However, it is not clear how these statements relate to Petitioner's Eighth Amendment claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-3894 DMG (PVC)                              Date: July 14, 2022

Title       Travis D. Arnold v. B. Lammer, Complex Warden, et al.

**Conclusion and Order**

Petitioner is therefore **ORDERED TO SHOW CAUSE**, within 21 days of the date of this Order, why this action should not be dismissed without prejudice for lack of jurisdiction.  **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why the Petition: (1) qualifies for the escape hatch of 28 U.S.C. § 2255(e), and (2) is not successive.  This Order is not dispositive of any claim but only gives notice to Petitioner of what the Magistrate Judge may recommend to the District Judge.**

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.** *See* **Fed. R. Civ. P. 41(b).**  Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| Initials of Preparer | mr |